[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE SPECIAL DEFENSES #129
CT Page 16517
The plaintiff, John Russo, filed a sixteen count revised complaint on March 8, 2001, against the defendants, Forest Patten, New Castle Corporation (New Castle, a.k.a. Allied), Dennis Rusconi and Rusconi Company, alleging as to each defendant intentional misrepresentation, reckless misrepresentation, negligent misrepresentation and innocent misrepresentation. The plaintiff alleges that the defendants fraudulently, recklessly, negligently or innocently induced him to enter into an employment contract with New Castle, knowing that the company was in financial trouble. The defendants asserted the special defenses of ratification, waiver, estoppel, contributory negligence and merger. The plaintiff filed a motion to strike all five special defenses.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999); Practice Book § 10-50. The facts alleged in the special defenses raised by the defendants are inconsistent with the facts alleged in the complaint. Certain defenses must be raised by the filing of a special defense. Even if a defense need not be specially pleaded, it must still be raised by a denial of the relevant paragraph of the complaint. See Federal Deposit Ins. Corp. v. Napert-Boyer Partnership,40 Conn. App. 434, 444, 671 A.2d 1303 (1996). In the defendants' case, only the defense of waiver is required to be specially pleaded. See Jonesv. Civil Service Commission, 175 Conn. 504, 511, 400 A.2d 721 (1978). The rest of the defendants' defenses, with the exception of contributory negligence, do not fit the purpose of a special defense as required by the practice book as they do not address the plaintiff's causes of action for fraud in the inducement of the employment contract. Accordingly, the motion to strike special defenses one, two, three and five is granted. The motion to strike special defense four is denied. See Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559, 579, 657 A.2d 212 (1995).